**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| EDDIE MENDIA, | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| v. | ) | No. 10-1132-MLB |
| CITY OF WELLINGTON, a municipal corporation, STATE OF KANSAS OFFICERS BRONSON LEE CAMPBELL, BILL UPTON, and KURT R. VOGEL, all individually and in their official capacity, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Plaintiff Eddie Mendia's pro se motion for judgment by default (Doc. 10) and defendants' response (Doc. 12).

2. Plaintiff's pro se motion to set aside Sumner County, Kansas District Court verdict[1] (Doc. 15), defendants' response (Doc. 20), and plaintiff's reply (Doc. 24).

**I.   BACKGROUND**

On September 6, 2008, plaintiff was cited for failing to yield in Wellington, Kansas.  On November 12, 2008, plaintiff was convicted in Wellington Municipal Court for failing to yield in violation of Wellington City Ordinance 39-76.  Plaintiff appealed his conviction to the Sumner County District Court and was found guilty on February 27, 2009.  Plaintiff did not seek direct appeal in the Kansas

---

[1] Plaintiff's motion is titled "Plaintiff's Reply to Defendants' Answer." (Doc. 15).

appellate courts.

Plaintiff originally filed the present case in Sumner County District Court alleging racial profiling and essentially, an illegal traffic stop, which violated plaintiff's federal and state Constitutional rights. (Doc. 1, exh. A). Defendants removed plaintiff's case on April 27, 1010.

## II. PLAINTIFFS' PRO SE STATUS

The court is mindful that plaintiff is proceeding pro se. It has long been the rule that pro se pleadings, including complaints, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. A plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. A pro se litigant is still expected to follow fundamental procedural rules. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

## III. ANALYSIS

### A. Default Judgment (Doc. 10)

Federal Rule of Civil Procedure 55(a) provides: "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit

or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Plaintiff claims that defendants failed to timely answer his complaint. Specifically, plaintiff claims that defendants' extension filed on April 14, 2010, was not effective because it was not signed by the Sumner County clerk.

Contrary to plaintiffs' assertions, defendants' extension was signed by the Sumner County clerk. (Doc. 12, exh. A). Defendants were given until May 3, 2010, to file their answer. Defendants filed their notice of removal and answer on April 27, 2010, and May 7, 2010, respectively.

Plaintiff's reason in support of his motion for default is incorrect. Defendants timely answered his complaint. Plaintiff's motion for default judgment is denied.

**B. State Conviction (Doc. 15)**

Defendants contend that the court lacks subject-matter jurisdiction over plaintiff's motion to set aside his state conviction pursuant to the holdings in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The court agrees.

The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. Bisbee v. McCarty, No. 00-1115, 2001 WL 91411, at *2 (10th Cir. 2001). The Rooker-Feldman doctrine also covers claims that are "inextricably intertwined" with a prior state court judgment. Id.

Plaintiff is seeking review of his state court judgment. The

-3-

Rooker-Feldman doctrine precludes jurisdiction over plaintiff's motion. Plaintiff's motion is dismissed.

**IV. CONCLUSION**

For the reasons stated more fully herein, plaintiff's motion for default judgment (Doc. 10) is denied. Plaintiff's motion to set aside his state conviction (Doc. 15) is denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau. A non-compliant motion shall not be filed.

IT IS SO ORDERED.

Dated this  2nd  day of August 2010, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE