**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EDDIE MENDIA, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 10-1132-MLB |
| ) | |
| CITY OF WELLINGTON, a municipal ) | |
| corporation; State of Kansas ) | |
| Officers BRONSON LEE CAMPBELL, ) | |
| BILL UPTON, and KURT R. VOGEL, all ) | |
| individually and in their official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants' motion to dismiss. (Doc. 38). The matter has been fully briefed and is ripe for decision. (Docs. 39, 45, 50). Defendants move to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons stated below, defendants' motion to dismiss is granted.

Plaintiff has also filed a motion to clarify and define the issues. (Doc. 37). Plaintiff requests clarification as to what claims remain before the court and what claims are remanded back to the state. Because the court has granted defendants' motion to dismiss on all plaintiff's federal claims and declines to exercise supplemental jurisdiction on his state claims, see infra, there are no remaining claims before the court and none that are remanded to the state.

**I.    BACKGROUND**

On September 6, 2008, plaintiff was cited for failing to yield in Wellington, Kansas. On November 12, 2008, plaintiff was convicted in Wellington Municipal Court for failing to yield in violation of Wellington City Ordinance 39-76. Plaintiff appealed his conviction to the Sumner County District Court and was found guilty on February 27, 2009. Plaintiff did not seek direct appeal in the Kansas appellate courts.

Plaintiff originally filed the present case in Sumner County District Court alleging racial profiling and essentially, an illegal traffic stop, which violated plaintiff's federal and state Constitutional rights. (Doc. 1, exh. A). Defendants removed plaintiff's case on April 27, 1010.

**II.   PLAINTIFF'S PRO SE STATUS**

The court is mindful that plaintiff is proceeding pro se. It has long been the rule that pro se pleadings, including complaints, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp. 2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. A plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. A pro se litigant is still expected to follow fundamental

procedural rules. <u>Ogden v. San Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994).

**III. ANALYSIS**

    **1. 12(b)(1)**

<u>Plaintiff's § 1983 and Fourth Amendment Claims</u>

Plaintiff brings a claim under 42 U.S.C. § 1983 alleging that defendants' traffic stop violated his Fourth Amendment right to be free from illegal searches and seizures. Defendants claim that the court lacks subject matter jurisdiction over plaintiff's § 1983 and Fourth Amendment claims under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

The Supreme Court held in <u>Heck</u> that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. If the court determines that judgment in favor of plaintiff would imply the invalidity of his conviction, then the court must dismiss plaintiff's § 1983 claim if his conviction has not been invalidated. <u>Id.</u> at 487.

Judgment in favor of plaintiff on his § 1983 claim would imply that he was wrongfully convicted because the underlying traffic stop and citation were illegal. Plaintiff has not demonstrated that his conviction has been reversed on direct appeal, expunged, or declared invalid by any state tribunal. The court must dismiss plaintiff's §

1983 claim. Furthermore, plaintiff's Fourth Amendment claims based on the allegedly illegal traffic stop are related to his § 1983 claim and must also be dismissed.

**2. 12(b)(6)**

The remaining portion of defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6). The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (expanding Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to discrimination suits); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

<u>Plaintiff's Fourteenth Amendment Claim</u>

Plaintiff alleges that defendants violated his right to equal protection under the Fourteenth Amendment.

> "[P]laintiff must demonstrate that the defendant[s'] actions had a discriminatory effect and were motivated by a discriminatory purpose, United States v. Armstrong, 517 U.S. 456, 465 (1996). These standards have been applied to traffic stops challenged on equal protection

-4-

> grounds. (Citations omitted). The discriminatory
> purpose need not be the only purpose, but it must be a
> motivating factor in the decision.

Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1168 (10th Cir. 2003). Because of the costs involved in defending allegations of discrimination, "the Supreme Court has held that 'to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary.'" Id. at 1167 (citing Armstrong 517 U.S. at 465). The Tenth Circuit applies this same high standard to claims of racially discriminatory traffic stops. Id.

### 1. Discriminatory Purpose

Plaintiff claims that defendants engaged in racial profiling and stopped him because he was Hispanic. Plaintiff alleges that Officer Campbell knew his gender and national origin prior to stopping him. (Doc. 1, exh. 1 at 3). Plaintiff also alleges that Officer Campbell stated "[l]ooks like we get to run over a Mexican tonight[]" and "[y]ou're luck we aren't running over Mexicans tonight." (Doc. 1, exh. 1 at 14, 16).

Defendants do not deny that Officer Campbell knew plaintiff's race prior to stopping him and although defendants deny that Officer Campbell made the discriminatory statements, they assume for purposes of this motion only that the statements were in fact made. Regardless, defendants claim that Officer Campbell decided to stop plaintiff because he failed to yield the right-of-way. Furthermore, Officer Campbell field tested plaintiff because he stated that he had been drinking all day. Plaintiff's race was not a factor.

The court has read Marshall and other cases addressing claims

-5-

of racial profiling.  The courts in those cases all considered whether the defendant officer knew the driver's race prior to the traffic stop.  Defendants do not dispute plaintiff's allegation that Officer Campbell knew his race prior to stopping him.  The court has watched the video of the traffic stop and it does not show when Officer Campbell saw plaintiff's vehicle fail to yield the right-of-way.[1] Additionally, the video does not pick up defendants' conversation with plaintiff.

It is a close call on the issue of discriminatory purpose. Plaintiff has offered some direct and circumstantial evidence that Officer Campbell discriminated against plaintiff.  At this early stage, the court makes all inferences and factual findings in favor of plaintiff, which defendants recognize.

**2.  Discriminatory Effect**

Even if the facts are sufficient to infer discriminatory intent, plaintiff has not provided evidence of a discriminatory effect. "To establish discriminatory effect, a [driver] asserting race-based selective enforcement in a traffic stop or arrest must 'make a credible showing that a similarly-situated individual of another race could have been, but was not, [stopped or] arrested ... for the offense for which the defendant was [stopped or] arrested.'" McNeal v. Losee, No. 08-2472-CM, 2009 WL 1580274, at *6 (D. Kan. June 3, 2009) (quoting United States v. Alcaraz-Arellano, 441 F.3d 1252, 1264 (10th Cir. 2006).  Plaintiff may offer statistical evidence to

---

[1] Officer Campbell did not turn on his video equipment until he turned around and activated his emergency lights, which occurred after plaintiff's traffic violation.

-6-

show a discriminatory effect.  Id.

Plaintiff has not offered any statistical evidence of racial profiling.  Nor has plaintiff offered any evidence that other similarly-situated individuals of another race were not stopped or treated differently during a traffic stop.  Therefore, plaintiff has not alleged sufficient facts to support his racial profiling allegation and defendant's motion to dismiss plaintiff's equal protection claim is granted.

<u>Plaintiff's Fifth Amendment Claims</u>

In his complaint, plaintiff alleges that defendants violated his Fifth and Fourteenth Amendment Due Process rights when they racially profiled and asked plaintiff if he had been drinking without first reading <u>Miranda</u>.  Defendants respond that the Fifth Amendment does not apply to state actions and further that there is no relief afforded under § 1983 for defendants' failure to read <u>Miranda</u>.

The majority of the Bill of Rights have been incorporated in the Fourteenth Amendment and are enforceable against the States.  <u>McDonald v. City of Chicago, Ill.</u>, 130 S.Ct. 3020, n. 13 (2010).  The Fifth Amendment requirement that warnings be read and waived by a suspect has been incorporated in the Fourteenth Amendment.  <u>Withrow v. Williams</u>, 507 U.S. 680, 689 (1993) (stating that "the Fourteenth Amendment incorporates the Fifth Amendment privilege against self-incrimination ...").

The court has already found that plaintiff did not allege sufficient facts of racial profiling and dismissed plaintiff's Fourteenth Amendment claim.  Plaintiff's Fifth Amendment claim based on the alleged racial profiling is also dismissed.

The law in the Tenth Circuit is that a police officer cannot be held liable under § 1983 for failing to read an individual Miranda. Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir. 1976).

> The Constitution and laws of the United States do not guarantee Bennett the right to Miranda warnings. They only guarantee him the right to be free from self-incrimination. The Miranda decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under the Civil Rights Act.

Plaintiff cannot bring a claim under § 1983 because defendants did not read him Miranda and his Fifth Amendment claim is dismissed.

### Plaintiff's Eighth Amendment Claims

Plaintiff alleges that defendants violated the Eighth Amendment because Officer Campbell did not activate his video equipment at the appropriate time and had his hand on his gun during the traffic stop. Defendants respond that the Eighth Amendment is not applicable because plaintiff was not convicted when the traffic stop occurred.

The court agrees with defendants. The Eighth Amendment protections are not applicable prior to a conviction. Reed v. Simmons, No. Civ.A. 01-3205-KHV, 2004 WL 955355, at *7 (D. Kan. May 3, 2004) ("Eighth Amendment scrutiny is appropriate only after the State has secured a formal adjudication of guilt in accordance with due process of law."). Plaintiff's Eighth Amendment claims are dismissed.

### Plaintiff's Claims Pursuant to Federal Statutes

Plaintiff claims that defendants violated 18 U.S.C. §§ 241, 242,

-8-

245(1)(e), (2)(e), and (3) and 42 U.S.C. § 14141. (Doc. 1, exh. 1 at 16). Defendants respond that none of these statutes provide a private cause of action.

No private right of action exists under 18 U.S.C. §§ 241, 242, and 245. <u>Williams v. U.S. Dept. of Justice</u>, No. 08-2631-KHV, 2009 WL 1313253, at *2 (D. Kan. May 12, 2009). Likewise, 42 U.S.C. § 14141 does not provide a private right of action. <u>Mahan v. Huber</u>, No. 09-cv-00098-PAB-BNB, 2010 WL 749815, at *6 (D. Colo. Mar. 2, 2010) (noting that 42 U.S.C. § 14141 provides a right of action to the Attorney General, not the plaintiff). Plaintiff's claims under these federal statutes are dismissed.

<u>Plaintiff's State Claims</u>

Because the court has dismissed all of plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction[.]"). Plaintiff's state claims are dismissed.

**IV.  CONCLUSION**

For the reasons stated herein, plaintiff's federal claims are dismissed and the court declines to exercise supplemental jurisdiction over plaintiff's remaining state claims. Defendants' motion to dismiss (Doc. 38) is granted.

Plaintiff's motion to clarify and define the issues (Doc. 37) is granted and addressed above.

No motion for reconsideration may be filed. This case has

wasted enough of this court's resources.

IT IS SO ORDERED.

Dated this __2nd__ day of November 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE